**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Greenwood Realty, Inc, and Relief Plaintiffs, ) ) ) | |
| Plaintiffs, ) ) | C.A. No. 8:09-cv-02683-JMC |
| v. ) ) | **OPINION & ORDER** |
| Action Realty, Inc., RE/MAX International, Inc., Tonya Wiley, individually, Jonathan Wiley, individually, Tony Curreri, individually, John Does A-X and Greenwood Lake Properties, LLC, ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the court on RE/MAX International, Inc., Action Realty, Inc., Tonya Wiley, Jonathan Wiley, Tony Curreri and Greenwood Lake Properties, LLC ("Defendants") Motion to Compel [Doc. 86] Greenwood Realty, Inc, and Relief Plaintiffs' ("Plaintiffs") to produce an electronic copy of a 90 slide Power Point presentation first presented at the mediation of this case on September 13, 2010, and photocopies of any copy of such presentation provided to any witness and relief plaintiff that has already testified or will testify in a deposition in this case pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Also before the court is Defendant Tonya Wiley's Motion to Quash Deposition Notices and Renewed Motion for Protective Order [Doc. 89].

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition and location of any books, documents or other tangible things

1

and the identity and location of persons who know of any discoverable matters." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* If a party fails to answer an interrogatory submitted pursuant to Rule 33 of the Federal Rules of Civil Procedure or fails to produce a requested document, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3).

## DISCUSSION

### I.     Defendants' Motion to Compel

Defendants seek to have this court compel Plaintiffs to produce an electronic copy of a presentation used by Plaintiffs in the mediation of this case as well as copies of such presentation and/or notebooks provided to any "relief plaintiff" that has testified or will testify in a deposition in this case.

Plaintiffs have not responded to Defendants' motion.  However, Defendants anticipate that Plaintiffs would assert that this presentation is subject to a "mediation privilege" and the work product privilege, and that it is not subject to production merely because Plaintiffs' counsel used it in the mediation of this case or disclosed it to his clients in preparation for depositions.  A party may discover any writing, even one subject to privilege, used to refresh a witness's memory for the purpose of testifying, whether his memory is refreshed "while testifying, or before testifying, if the court in its discretion determines it is necessary in the interests of justice." Fed. R. Evid. 612 .  In determining whether use of documents to prepare for a deposition constitutes a "testimonial" use of the records sufficient to trigger a waiver of the work product doctrine, the court must be satisfied that: (1) a witness used the writing to refresh his or her memory; (2) for the purpose of testifying; and

(3) in the interest of justice, the adverse party is entitled to see the writing. *See Nutramax Labs., Inc. v. Twin Labs., Inc.*, 183 F.R.D. 458, 468 (D. Md.1998).

During the deposition of Jane Callison, Defendants' counsel inquired as to a document that the witness had in her possession during the deposition. The document was a copy of the presentation at issue in this motion. Plaintiffs' counsel objected to any questions regarding the document, claimed work product privilege, and instructed the witness not to answer. Upon further examination, the witness testified that she reviewed the document overnight "and will continue to look at it." Callison Dep. at pp. 14:23 - 15:5. Plaintiffs' counsel then removed the document from the witness's possession. Based on this deposition testimony, the court finds that the witness used the document to refresh her memory for the purpose of testifying.

The court must now determine whether compelling production is in the interest of justice. Defendants argue that Plaintiffs have failed to respond to numerous interrogatories and document requests concerning the specifics of the allegations of their Complaint. Defendants further represent that the presentation shown to them during the mediation sets forth the specifics of Plaintiffs' claims. Some of the relevant factors that the court may consider in its decision include (1) the status of the witness; (2) the nature of the issue in dispute; (3) when the events took place; (4) when the documents were reviewed; (5) the number of documents reviewed; (6) whether the witness prepared the document(s) reviewed; (7) whether the documents reviewed contain, in whole or in part, "pure" attorney work product; (8) whether the documents reviewed previously have been disclosed; and (9) whether there are credible concerns regarding manipulation, concealment, or destruction of evidence. *See Nutramax*, 183 F.R.D. at 469-70. In this case, the witness is a plaintiff and the dispute concerns allegations of misrepresentations which must be detailed to Defendants for their defense of the

action. The documents were prepared by counsel and, although counsel has claimed work product privilege, the document has already been disclosed to Defendants albeit in mediation.[1] Further, the witness reviewed the document just prior to the deposition and intended to maintain it in her possession throughout the deposition had counsel not removed it. Additionally, it appears that Plaintiffs have not provided full responses to Defendants' discovery requests requesting the details of their claims. Therefore, the court finds that it is in the interest of justice to compel Plaintiffs to produce a copy of the presentation.

Accordingly, the court grants Defendants' Motion to Compel [Doc. 86].

## II. Defendant Wiley's Motion to Quash Subpeonas and Renewed Motion for Protective Order

Defendant Wiley requests the court issue a protective order quashing seventeen deposition notices due to her inability to fully participate in her counsel's preparation for the depositions because of her current medical condition. The court previously stayed this action, including discovery, for a period of ninety (90) days upon notice of Defendant Wiley's medical condition. The stay expired on or about January 19, 2011. Shortly thereafter, Defendant Wiley submitted an additional physician statement indicating that she underwent a surgical procedure in early December 2010 and was released without complications. Without further elaborating, the physician further noted that Defendant Wiley should avoid physical and emotional stress.

Upon review of the matter, including the most recent physician statement, the court finds that a reasonable limitation upon discovery is appropriate. The parties may conduct limited ongoing discovery pertaining to Defendant RE/MAX International, Inc. which does not require the

---

[1] The court need not and does not make any findings regarding the applicability of a mediation privilege.

...
...

participation of Ms. Wiley, including the depositions of RE/MAX International, Inc.'s 30(b)(6) designee(s) and employees as well as the depositions of record custodians. The remainder of this action shall be stayed for an additional thirty (30) days from the date of this order. Nothing contained in this order should be construed to prevent the parties from seeking the court's ruling(s) regarding discovery issues related to the limited discovery provided for by this order or waive any parties' right to file a motion to compel discovery. The duty to mediate this claim will not be affected by this order. Upon the expiration of the stay provided in this order, the parties shall consult and submit a proposed amended scheduling order to the court for consideration.

Accordingly, Defendant Wiley's Motion to Quash Deposition Notices and Renewed Motion for Protective Order [Doc. 89] is granted in part and denied in part.

## CONCLUSION

Based on the foregoing, and upon consideration of the record herein, the court hereby **ORDERS** that Plaintiffs' Motion to Compel [Doc. 86] is **GRANTED** and Defendant Wiley's Motion to Quash Deposition Notices and Renewed Motion for Protective Order [Doc. 89] is **GRANTED IN PART AND DENIED IN PART**. This matter shall be stayed for a period of thirty (30) days, except for the limited discovery as set forth above.

**IT IS SO ORDERED**.

s/ J. Michelle Childs
United States District Judge

February 15, 2011
Greenville, South Carolina